UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24080-LEIBOWITZ

**JEREMY S. HOLMES**,
    *Plaintiff*,
v.

**F.N.U. FULLER**, *et al.*,
    *Defendants*.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon *pro se* prisoner Plaintiff's "Complaint for Violation of Civil Rights" ("Complaint") [ECF No. 1], filed pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that, on February 1, 2025, he "was beaten by [four] prison officials" at the South Florida Reception Center ("SFRC") in Doral, Florida. [ECF No. 1 at 6]. Plaintiff has also filed an "Application to Proceed in District Court Without Prepaying Fees or Costs" ("IFP Motion") [ECF No. 3], and a "Requested Emergency Order to Show Cause for a Preliminary Injunction and/or a Temporary Restraining [Order]" ("Motion for Preliminary Injunction or TRO") [ECF No. 4].

For the reasons below, the Court finds Plaintiff's Complaint is procedurally deficient and must be dismissed. The Court will, however, afford Plaintiff an opportunity to correct his pleading deficiencies by filing an amended complaint if Plaintiff does so in accordance with the Court's directives set forth in this Order. Upon review, Plaintiff's IFP Motion [ECF No. 3] is due to be granted, and Plaintiff's Motion for Preliminary Injunction or TRO [ECF No. 4] is dismissed without prejudice as explained below.

    **I.**    **Deficiencies in Plaintiff's Complaint require its dismissal.**

Plaintiff's Complaint suffers from three deficiencies that require its dismissal. First, Plaintiff did not complete the court-approved form for civil rights cases filed by *pro se* prisoners. Local Rule

88.2(a) of the United States District Court for the Southern District of Florida requires that complaints brought under 42 U.S.C. § 1983 "substantially follow the forms . . . prescribed by the Court[.]" S.D. FLA. LOC. R. 88.2(a). Although Plaintiff attempted to follow the form's general format, the Court directs the Clerk to send Plaintiff a copy of the court-approved form for him to complete for use as an Amended Complaint. *See Jones v. City of Miami*, No. 23-cv-23024, 2023 WL 5289248, at *3 (S.D. Fla. Aug. 17, 2023) ("Specifically, Jones doesn't use the form we require for all § 1983 complaints filed by *pro se* prisoners. . . . We'll give Jones a copy of this form and remind him to use that form when he prepares his Amended Complaint." (cleaned up)).

Second, Plaintiff failed to state his claims against each Defendant "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" as required by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 10(b); [*see generally*, Compl., ECF No. 1]. If Plaintiff's Amended Complaint does not comply with Rule 10(b), the Court will dismiss this case *without further notice. See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) ("once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"); *Phillips v. Florida*, No. 18-cv-207, 2018 WL 6980972, at *4 (N.D. Fla. Dec. 10, 2018) (stating that a "federal court may enforce willful violations of local rules by dismissing actions" where "the violation entails failure to use a court-approved form" (citations omitted)), *report and recommendation adopted*, 2019 WL 131844 (N.D. Fla. Jan. 8, 2019).

Third, Plaintiff failed to sign his complaint under the penalty of perjury, which also violates this District's Local Rules. *See* S.D. FLA. L. R. 88.2(a) (requiring that all civil-rights complaints under 42 U.S.C. § 1983 be signed under the penalty of perjury); *see also* FED. R. CIV. P. 11(a) (providing that "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit"). Plaintiff must cure this deficiency in an amended complaint, and he is cautioned

that failure to comply with this requirement will also result in dismissal of the action.[1] *See Molina v. Satz*, No. 20-60121-Civ, 2020 WL 4381411, at *2–*3 (S.D. Fla. July 31, 2020) (dismissing complaint where the plaintiff, "despite multiple warnings[,]" failed to sign his complaint under penalty of perjury or otherwise comply with the Local Rules).

## II. Plaintiff's IFP Motion is sufficient, but SRFC must provide him with his 6-months' prison statement, which Plaintiff, in turn, must file with the Court.

Prisoners "seeking to bring a civil action . . . without prepayment of fees or security therefor" are responsible for filing an affidavit and "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a). Plaintiff has provided the required affidavit of indigency, and he has demonstrated his diligence in attempting to procure a certified 6-month prison account statement from SFRC. [*See generally* ECF No. 3]. Under these circumstances, the Court will Plaintiff leave to proceed without paying a partial filing fee upfront. *See* 28 U.S.C. § 1915(b)(1) (providing that, "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee"). However, this Court must assess 20% of the greater of "the average monthly deposits" to Plaintiff's prisoner account, or "the average monthly balance" in Plaintiff's prison account for the "6-months period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). Thereafter, Plaintiff must make payments of 20% of the preceding month's income credited to his account (when the amount in the account exceeds $10.00) until the filing fee is paid in full. *See id.* § 1915(b)(2). The Court, therefore, directs South Bay Correctional Facility to provide Plaintiff with a

---

[1] Plaintiff is further cautioned that "[l]ying under oath, either live or 'on paper,' can subject plaintiffs to future criminal prosecution for giving a false statement." *Hrejn v. Centurion Med. Grp.*, No. 24-cv-14287, 2024 WL 4527434, at *1 (S.D. Fla. Oct. 18, 2024) (citing *United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002)).

copy of his 6-months' prisoner account statement for the six months preceding the filing of the Complaint, which Plaintiff must file with the Court so it can assess the proper filing fee.

### III.     Plaintiff is not entitled to an emergency TRO.

Lastly, Plaintiff is not entitled to emergency injunctive relief.  Plaintiff explains that, while he "is now in confinement at South Bay Corr[ectional]" Facility, there is a "reasonable probability" that Plaintiff will be retransferred to South Florida Reception Center, where he will be placed "in fear of his life" upon encountering Defendants, who are employed there.  [ECF No. 4 at 2].  Plaintiff thus seeks an injunction preventing his transfer to SFRC to keep Plaintiff separated from Defendants.  [*Id.* at 4].

A plaintiff seeking a preliminary injunction is "required to show that irreparable harm is *likely*, and not merely possible, without the requested injunctive relief."  *Pliteq, Inc. v. Mostafa*, 775 F. Supp. 3d 1231, 1255 (S.D. Fla. 2025) (citing *Hoop Culture, Inc. v. GAP Inc.*, 648 F. App'x 981, 985 (11th Cir. 2016) (emphasis added)).  A plaintiff must also that the irreparable harm is "imminent."  *Id.* (citing *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016)).

Plaintiff has not shown imminent, irreparable harm.  He merely states, without particularity, that there is a "reasonable probability" that he will be returned to the SFRC.  [ECF No. 4 at 2]. Moreover, Plaintiff only vaguely describes the danger he expects to face if he is transferred there.  [*See generally id.*].  These unsupported allegations will not suffice, as "[i]njunctive relief cannot be granted based on a mere perceived or suspected threat of harm."  *Amerson v. Sellers*, No. 15-CV-8, 2015 WL 631994, at *3 (M.D. Ga. Feb. 13, 2015) (citations omitted).  Plaintiff must show instead that the threat of injury is "neither remote nor speculative, but actual and imminent."  *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990).  Plaintiff has failed to make that showing here.

Second, Plaintiff improperly moves for emergency relief in violation of the Local Rules, which require that all emergency motions include both the date by which a ruling is necessary and a certification that the matter is a true emergency. *See* S.D. FLA. LOC. R. 7.1(d)(1) (providing that "unless a motion will become moot if not ruled on within seven (7) days, the motion should not be filed as an emergency motion"); *see Horacius v. Richard*, No. 23-cv-62149, 2024 WL 5103656, at *1 (S.D. Fla. Mar. 15, 2024) (same)). Plaintiff has not satisfied the Rule's requirements and is, therefore, not entitled to relief on an emergency basis. Accordingly, the Motion for Preliminary Injunction or TRO [ECF No. 4] is due to be denied as moot.

For the reasons explained above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. *The Clerk* is DIRECTED to mail Plaintiff a copy of the Court's approved section 1983 complaint form for use by *pro se* prisoners titled "Complaint for Violation of Civil Rights (Prisoner)" and to ADMINISTRATIVELY CLOSE this case.

3. On or before **November 24, 2025**, Plaintiff must file an Amended Complaint citing this Case number (**No. 1:25-cv-24080**) under 42 U.S.C. § 1983 and in compliance with the directives set forth in this Order, or this case will be DISMISSED, *without further notice. See* FED. R. CIV. P. 41(b).

3. Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Costs" [**ECF No. 3**] is **GRANTED**. Plaintiff owes a debt of $350.00 which must be paid to the Clerk of the Court as funds become available. The Court thus DIRECTS the South Bay Correctional Facility to provide Plaintiff with a copy of his 6-months' prison account statement for the six months preceding , which Plaintiff must file with the Court so it can assess the proper filing fee. The Court further DIRECTS the jail or prison having custody of Plaintiff to make payments from Plaintiff's inmate account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the filing fee of $350.00 is paid in full.

- 6 -

    4.    Plaintiff's "Requested Emergency Order to Show Cause for a Preliminary Injunction and/or a Temporary Restraining [Order]" [**ECF No. 4**] is **DENIED WITHOUT PREJUDICE**.

    5.    Any OTHER pending motions are DENIED AS MOOT.

**DONE AND ORDERED** in the Southern District of Florida on September 23, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:
Jeremy S. Holmes
C01005
South Bay Correctional Facility
Inmate Mail/Parcels
600 U S Highway 27 South
South Bay, FL 33493-2233
PRO SE